# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

RYAN BRAITHWAITE and
BRITTANY BRAITHWAITE,

   Plaintiffs,

v.                                                           CASE NO.: 1:24cv97 LG-RPM

CAMPING WORLD RV SALES, LLC, &
HEARTLAND RECREATIONAL VEHICLES, LLC
   Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, Defendants Camping World RV Sales, LLC ("Camping World") and Heartland Recreational Vehicles, LLC ("Heartland") (collectively "Defendants") hereby remove this action from the County Court of Harrison County, Mississippi to the United States District Court for the Southern District of Mississippi, based on federal question and supplemental jurisdiction.[1] As grounds for this removal, Defendants state as follows:

### A. INTRODUCTION

---

[1] By filing this Notice of Removal, Defendants do not waive any available defenses or admit any of the allegations of the Plaintiffs' Complaint. Certain allegations of the Plaintiffs' Complaint are admitted as true only for the determination of the amount in controversy or the propriety of removal.

1. This action was commenced in the County Court of Harrison County, Mississippi on February 12, 2024 by Plaintiffs against Defendants, bearing Case No. D2402-24-77 (Complaint, attached as Ex. 1).

2. The case arises out of the purchase of a 2022 Heartland Mallard, VIN #5SFNB2926nE493089 (the "RV") (Ex. 1, ¶ 4). Plaintiffs claim that Defendants breached express and implied warranties and violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"). (Ex. 1).

3. Defendant Heartland was served on February 26, 2024. (USPS Confirmation of Service, attached as Exhibit 2).

4. As set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 because Plaintiffs' claims arise under federal law.

B. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders filed in the state court action are attached hereto as Exhibit 3.

6. The United States District Court for the Southern District of Mississippi encompasses Harrison County, the county in which the state court action is currently pending. Therefore, this Court is the proper venue for this removed action, subject to Defendants' arguments for dismissal based on a forum selection clause, which

have been submitted contemporaneously herewith. 28 U.S.C. §§ 81(a)(3), 1441(a). 28 U.S.C. §§ 81(a)(3), 1441(a).

7. Pursuant to 28 U.S.C. § 1446(b), removal of this case is timely as this notice is filed within thirty days of service of the Complaint. 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the clerk of the County Court of Harrison County, Mississippi and serving copies to counsel for the Plaintiffs. A copy of said notice is attached hereto as Exhibit 4.

**C. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, & 1441**

9. This action is removable pursuant to 28 U.S.C. § 1441. Removal is appropriate because district courts have original jurisdiction over cases involving a federal question, which are "civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331.

10. Under the "well-pleaded complaint" rule, "a cause of action 'arises under' federal law for jurisdictional purposes only when the plaintiff's well-pleaded complaint raises federal law issues." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

11. The Complaint states a claim governed by and arising under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. ("MMWA"). (Ex. 1, COUNT III).

12. Federal question jurisdiction over claims under the MMWA exists when the amount in controversy "computed on the basis of all claims to be determined in this suit" is at least the sum or value of $50,000.00 (exclusive of interests and costs). 15 U.S.C. § 2310(d)(3)(B). *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) ("Accordingly, federal question jurisdiction under the MMWA is limited to breach-of-warranty claims for which the amount in controversy is at least $50,000.").

13. Plaintiffs' alleged damages, and thus the amount in controversy, are stated as "an amount of no less than $50,000." (Ex. 1, ¶¶ 95, 103). While this allegation appears in the breach of warranty counts, the very same damages are adopted in the MMWA claims when they state that the damages are based on "breach of statutory warranties" and "breach of written and implied warranties." (Ex. 1, ¶¶ 139, 145). Moreover, the damages recoverable under the MMWA are governed by state court warranty law. *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979) ("[R]esort to state law is proper in determining the applicable measure of damages under the Act."). As such, Plaintiffs seek recovery of at least $50,000 in their MMWA claim.

14. Because the amount in controversy is specifically alleged on the face of the Complaint and there is neither a need for the Court to discern the amount in controversy based on the allegations nor a need for Heartland or Camping World to provide additional evidence demonstrating the amount in controversy, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith.").[2]

15. Plaintiffs' claim is governed by and arises under the MMWA. The amount in controversy exceeds the statutorily required amount for federal question jurisdiction. Thus, this Court has federal question jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1441, 15 U.S.C. 2301 *et seq.*, and 42 U.S.C. § 5401, *et seq.*

16. Although Plaintiffs' state law breach of warranty claims inform the damages recoverable under the MMWA claim, *MacKenzie*, 607 F.2d at 1166, they, along with Plaintiffs' fraud and punitive damages claims, are independently subject to supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs' state law claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy. Indeed, Plaintiffs' allegations are

---

[2] To the extent the Court determines additional facts are necessary, Defendants can provide information further supporting the amount in controversy.

predicated on alleged defects in the subject RV and the terms of the warranty between the parties, which are the same alleged defect and warranty covered by Plaintiffs' MMWA claims. (See Ex. 1).

17. Defendants reserve all defenses, including their right to challenge venue.

18. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendants respectfully request that the Court assume jurisdiction over this action as provided by law.

Respectfully submitted,

/s/ Scott D. Stevens
SCOTT D. STEVENS (MS Bar No.: 102571)
STARNES DAVIS FLORIE LLP
11 N. Water Street, Suite 20290
Mobile, AL  36602
(251) 405-5065 - Phone
sstevens@starneslaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March 2024, I have served a copy of the foregoing pleading via CM/ECF and via email, as follows:

Michael T. Ramsey
Sheehan and Ramsey PLLC
429 Porter Avenue
Ocean Springs, MS  39564
mike@sheehanramsey.com

                                         */s/Scott D. Stevens*
                                         Scott D. Stevens